IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TAMMY PERRY, ) | |
| ) | |
| PLAINTIFF, ) | |
| v. ) | CASE NO.  3:10-cv-455-MEF |
| ) | (WO-Not Recommended for Publication) |
| SCHNEIDER NATIONAL CARRIERS, ) | |
| INC., ) | |
| ) | |
| DEFENDANT. ) | |

**MEMORANDUM OPINION AND ORDER**

Meadwestvaco Coated Board ("MCB") and its third-party workers' compensation administrator, Sedgwick CMS ("Sedgwick") filed a Motion to Intervene (Doc. # 27) on October 29, 2010.  This action was filed by Tammy Perry ("Perry"), a MCB employee, who was injured at work while loading a trailer operated by Schneider National Carriers, Inc. ("Schneider").  MCB and Sedgwick claim entitlement to subrogation for the expenses they incurred as a result of Perry's injuries and paid to Perry pursuant to certain obligations under the Alabama Workers' Compensation Act.  Pursuant to Federal Rule of Civil Procedure 24(a), MCB and Sedgwick seek to intervene in this action.

Federal Rule of Civil Procedure 24, provides, in pertinent part, that:

> On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a *federal* statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's

>    ability to protect its interest, unless existing
>    parties adequately represent that interest.

Fed. R. Civ. P. 24(a) (emphasis added).

Here MCB and Sedgwick do not seek to intervene pursuant to an unconditional right to intervene established by federal statute. Instead, they contend that the Alabama Workers' Compensation Act entitles them to intervene as a matter of right to protect their subrogation lien. In so doing, they cite *Millers Mut. Ins. Ass'n v. Young*, 601 So. 2d 692 (Ala. 1992). In that case, the Alabama Supreme Court held that the Alabama Workers' Compensation Act constituted a state statute which conferred an unconditional right to intervene as required by Alabama Rule of Civil Procedure 24(a)(1). *Id.* at 962-63. Such a holding in no way supports a conclusion that MCB and Sedgwick have an unconditional right to intervene established by a federal statute as required by *Federal* Rule of Civil Procedure 24(a)(1).

Moreover, while MCB and Sedgwick contend that they have an interest in this action, they fail to also demonstrate that their interest in this action is so situated that disposing of the action may as a practical matter impair or impede their ability to protect their interest. Accordingly, they have not adequately demonstrated that they are entitled to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2).

Because the Court finds no merit to their contention that they should be allowed to intervene as of right in this action pursuant to Federal Rule of Civil Procedure 24(a), the Court is compelled to deny this motion. Although Schneider did not oppose this intervention, it persists in its contention that MCB and Sedgwick have no standing to bring suit, either in

this action as intervenors or in the other action which they have filed, pursuant to the Alabama Workers' Compensation Act because Perry has filed suit.  Despite the lack of clear opposition to the motion, the Court is compelled to follow the laws as written.  The provisions of the Federal Rules of Civil Procedure upon which MCB and Sedgwick rely simply do not support the relief they request.  For this reason, the Motion to Intervene (Doc. # 27) is DENIED.

DONE this the 7th day of December, 2010.

/s/ Mark E.  Fuller
CHIEF UNITED STATES DISTRICT JUDGE