IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TAMMY PERRY, )<br>)<br>   PLAINTIFF, )<br>)<br>v. )<br>)<br>SCHNEIDER NATIONAL CARRIERS, )<br>INC., )<br>)<br>   DEFENDANT. ) | CASE NO. 3:10-cv-455-MEF<br>(WO-Not Recommended for Publication) |

**MEMORANDUM OPINION AND ORDER**

Meadwestvaco Coated Board ("MCB") and its third-party workers' compensation administrator, Sedgwick CMS ("Sedgwick"), filed a Second Motion to Intervene (Doc. # 31) on December 28, 2010. Tammy Perry ("Perry"), an MCB employee who was injured at work while loading a trailer operated by Schneider National Carriers, Inc. ("Schneider"), filed this lawsuit against Schneider. MCB and Sedgwick claim entitlement to subrogation for the expenses they incurred as a result of Perry's injuries and paid to Perry pursuant to certain obligations under the Alabama Workers' Compensation Act. Pursuant to Federal Rule of Civil Procedure 24(a), MCB and Sedgwick seek to intervene in this action. For the reasons set forth below, the Court finds that the motion is due to be GRANTED.

Federal Rule of Civil Procedure 24 provides, in pertinent part, that:

> On timely motion, the court must permit anyone to intervene who:
> 
>   (1) is given an unconditional right to intervene by a federal statute; or

> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). MCB and Sedgwick seek to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a)(2) claiming that their subrogation interest could be practically impaired or impeded if the case were to proceed without their presence in the case. MCB and Sedgwick contend that refusing to allow their participation in the case would permit Perry and Schneider to barter away their right through settlement. Neither Perry nor Schneider oppose the proposed intervention.

By virtue of their filing this motion to intervene, the movants have claimed an interest relating to the subject of the action under the meaning of Federal Rule of Civil Procedure 24(a)(2). This Court is convinced that MCB and Sedgwick's subrogation interest may be impaired if they are excluded from the case, and that Perry does not adequately represent that interest.

While Perry's interest and the movants' interest in the case may initially appear compatible, these interests are not fully consistent. It is true that the interests of these entities may be said to be nearly identical to the extent that each party seeks the maximum compensation from Schneider. If, however, at any time and for any reason Perry opts for an alternative resolution to the case or to withdraw altogether as is the party's right, the parallel interests between Perry and MCB and Sedgwick may collapse and the subrogation interest of MCB and Sedgwick may suffer.

Having found that the movants' ability to protect their interest may be impaired should the action be compromised without their presence, the Court also finds that Perry, the sole existing party, does not adequately represent the movants' interest thereby compelling this court to grant the motion. The above-referenced factors coupled with the disparity of resources between the movants and Perry has convinced the Court that intervention on the part of MCB and Sedgwick is necessary to ensure their adequate representation.

In light of the lack of opposition to the motion in the Response to Show Cause Order (Doc. #34) and the movants' adequate demonstration that they are entitled to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2), the Second Motion to Intervene (Doc. #31) is GRANTED.

DONE this day of 11th day of January, 2010.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE